FILED

00 JUN 30

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 30 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACOB DANSBY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CV-00-BU-750-S |
| ) | |
| BILLY MITCHEM, and the ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This is an action on a petition for writ of habeas corpus, filed by petitioner on March 23, 2000, pursuant to 28 U.S.C. § 2254, challenging his 1994 conviction and sentence of life without parole for capital murder. As explained below, the court concludes that the petition is time barred by the provisions of 28 U.S.C. § 2244(d) and due to be dismissed on that ground.

### Procedural History

The procedural history of this case is a matter of public record and is not disputed. Petitioner was charged with the offense of capital murder and, after a jury trial, was convicted of the offense on April 14, 1994. On that same day, he was sentenced

1

10

to life without the possibility of parole. He immediately appealed the conviction, but it and the sentence were affirmed by the Alabama Court of Criminal Appeals on December 29, 1994. Rehearing was denied on February 10, 1995, and the Alabama Supreme Court denied a petition for writ of certiorari on March 22, 1995. No petition for writ of certiorari was sought from the United States Supreme Court.

More than a year later, on August 8, 1996, petitioner filed his first state collateral petition pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure*, which was denied by the trial court, after an evidentiary hearing, on November 8, 1996. On appeal, the Alabama Court of Criminal Appeals affirmed the denial of Rule 32 relief on May 29, 1998. Rehearing was denied on August 21, 1998, and the Alabama Supreme Court denied certiorari on November 20, 1998. No certiorari was sought from the United States Supreme Court.

Petitioner returned to state court on February 26, 1999, filing his second Rule 32 petition, which was summarily denied on March 3, 1999. The Alabama Court of Criminal Appeals once again affirmed the dismissal of the Rule 32 petition on July 9, 1999, saying:

> The instant petition was properly dismissed pursuant to Rule 32.2(b), Ala.R.Crim.P., in that it constituted a successive petition, and Rule 32.2(c), Ala.R.Crim.P., in that it was filed over two years for [sic] expiration of filing a direct appeal. Both claims by the appellant are non-jurisdictional; specifically, the failure to administer an oath to the jury venire is waivable, [citation omitted], and his indictment issue raises a claim which would make an indictment voidable rather than void, [citations omitted].

Once again rehearing was denied on August 27, 1999, and the Alabama Supreme Court denied a petition for writ of certiorari on January 21, 2000. Petitioner then filed the instant habeas petition in this court on March 23, 2000.

Respondents filed an answer to the petition on May 4, 2000, raising the bar of the one-year time limitation for asserting habeas claims. After a magistrate judge entered an order on May 5, 2000, notifying the parties that the petition would be considered for summary disposition, petitioner filed his reply to the answer on May 24, 2000. The petition is now before the court for consideration.

## Timeliness

The respondents raise the issue that the instant petition may not be considered by the court because it is time-barred pursuant to 28 U.S.C. § 2244(d). Enacted April 24, 1996, as part of the

Antiterrorism and Effective Death Penalty Act of 1996, Section 2244(d) established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, only one of which applies to this case, however, and that is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

The Eleventh Circuit has held that petitioners with convictions that became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act should not be time barred by § 2244(d) until they have had a "reasonable" time[1] after its adoption to file their *habeas* petitions. The Eleventh Circuit recently held that a "reasonable" time is one year from the date of enactment of the AEDPA. Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998); see also United States v. Ortiz, 1997 WL 214934 (E.D. Pa., April 28, 1997)(filing 10 months after the date of enactment of the AEDPA falls within the "reasonable time" exception); Peterson v. Demskie, 107 F.3d 92 (2d Cir. 1997)(filing

---

[1] See generally, Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands, 461 U.S. 273, 286 n.23, 103 S.Ct. 1811, 1819 n.23, 75 L.Ed. 2d 840 (1983) (citing Texaco, Inc. v. Short, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n.21, 70 L.Ed. 2d 738 (1982)).

72 days after the date of enactment of the AEDPA falls within the reasonable time exception); Scire v. United States, 1997 WL 138991 (E.D.N.Y., March 24, 1997)(filing fewer than three months after the date of enactment falls within the reasonable time exception to limitations period of AEDPA); Holmes v. Wharton, 1997 WL 115837 (N.D.Ga. Feb. 27, 1997)(filing less than one week after enactment of AEDPA, involving case deemed final two years prior, not time-barred by limitations period); Smith v. United States, 945 F. Supp. 1439 (D. Colo. 1996)(creating grace period after effective date of AEDPA to file an otherwise untimely § 2255 motion). Therefore, petitions based on the petitioner's conviction could have been filed timely until April 24, 1997, one year after AEDPA's adoption.

The grace period of one year, however, can be extended in certain instances. The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court. The term "properly filed application" is not defined by the statute.

There is no question that the first Rule 32 petition filed by petitioner tolled the one-year limitation period under the Act. Although the one-year limitation began to run on petitioner's claims on April 24, 1996, the filing of the first Rule 32 petition on August 8, 1996, stopped it until that petition had been fully resolved, which occurred when the Alabama Supreme Court denied his certiorari petition on November 20, 1998. At that time, the time remaining on the limitation period began to run again. Notwithstanding the filing of a second Rule 32 petition on February 26, 1999, the section 2244(d) limitation period expired in July 1999, more than eight months before the instant petition was filed.

The filing of the second Rule 32 petition did not toll the running of the limitation period because the Alabama courts determined that it was procedurally barred from consideration on the merits because it was a successive petition and because it was itself untimely under Rule 32.2(c). Recently, the Eleventh Circuit has confirmed that a state collateral petition, which has been determined to be barred under state rules, is not a "properly filed application" within the meaning of the tolling provision in § 2244(d). In Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000), the court held that a state collateral petition that was not timely

filed under state law was a not "properly filed applications" for purposes of § 2244(d). The court said:

> The first question is whether the state petition must meet state filing deadlines in order to toll the AEDPA statute of limitation, and here we agree with the holdings of the Third and Tenth Circuits in Lovasz and Hoggro that it must. See Hoggro, 150 F.3d at 1226; Lovasz, 134 F.3d at 148-49. The plain language of § 2244(d)(2) comports with this interpretation. Moreover, we can identify in the structure of AEDPA a guiding principle for this interpretation. That structure--including AEDPA's more robust codification of the exhaustion requirement, see 28 U.S.C. § 2254(b), and the high degree of respect it affords state adjudications of constitutional claims, see 28 U.S.C. §§ 2254(d)-(e)--evinces a concern for federal-state comity closely analogous to that underlying the procedural default principles applied in federal habeas law. See Coleman v. Thompson, 501 U.S. 722, 729-32, 111 S.Ct. 2546, 115 L.Ed. 2d 640 (1991); Villegas, 184 F.3d at 470-71; Lovasz, 134 F.3d at 148. This concern further militates in favor of requiring compliance with state filing deadlines in the context of § 2244(d)(2). See Lovasz, 134 F.3d at 148-49.

Id. at 1257; see also Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000). Thus, even though petitioner filed a second Rule 32 petition, it was not a "properly filed application" under the tolling provision of § 2244(d). The conclusion that the claims asserted in it were non-jurisdictional was a decision under state law, which this court cannot secondguess. Because that petition was untimely and successive, it had no tolling effect under § 2244(d). The one-year limitation for filing the instant habeas

petition, therefore, expired several months before it was filed, and it is now due to be dismissed.

    A separate order will be entered.

    DONE this the 30th day of June, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE